IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | ) |
|     Plaintiff, | ) **ORDER ON ADMISSIBILITY OF** |
| | ) **CO-CONSPIRATOR STATEMENTS** |
| vs. | ) |
| | ) Case No. 3:20-cr-147 |
| Antjuan Dante Britton, | ) |
|     Defendant. | ) |

Under Rule 801(d)(2)(E) of the Federal Rules of Evidence, a statement is not hearsay if made by "a co-conspirator of a party during the course and in furtherance of a conspiracy." United States v. Beckman, 222 F.3d 512, 522 (8th Cir. 2000). To admit such a statement, the Government must demonstrate by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the defendant and the declarants were members of the conspiracy; and (3) that the declaration was made during the course of and in furtherance of the conspiracy. United States v. Bell, 573 F.2d 1040, 1043 (8th Cir. 1973); see also United States v. Guerra, 113 F.3d 809, 813 (8th Cir. 1997); United States v. Escobar, 50 F.3d 1414, 1423 (8th Cir. 1995). In determining whether a conspiracy existed, a court may consider the co-conspirator statement itself. See Bourjaily v. United States, 483 U.S. 171, 181 (1987).

As the Eighth Circuit Court of Appeals explained in Bell, a trial court may conditionally admit the hearsay statements of alleged co-conspirators, subject to a final ruling on the record that the statements are admissible pursuant to the co-conspirator exception to the hearsay rule. The procedures outlined in Bell are flexible and do not require reversal for failure to follow the procedures absent a showing of prejudice. United States v. McCracken, 110 F.3d 535, 542 (8th Cir. 1997).

The preliminary determination on the admissibility of an alleged co-conspirator statement rests with the trial judge rather than the jury. Fed. R. Evid. 104(a); see also Bell, 573 F.2d at 1043. A statement is admissible if the trial court is satisfied that independent evidence exists showing that it is more likely than not that a conspiracy existed. United States v. Macklin, 573 F.2d 1046, 1048 (8th Cir. 1978). At the conclusion of the evidence it is incumbent upon the trial judge to make an explicit determination for the record regarding the admissibility of the statements. United States v. Fitts, 635 F.2d 664, 666 (8th Cir. 1980).

To support a conviction for conspiracy to possess with intent to distribute or distribute a mixture or substance containing a detectable amount of methamphetamine or a mixture or substance containing a detectable amount of heroin, the Government must prove: (1) two or more persons conspired to distribute a mixture or substance containing a detectable amount of methamphetamine or a mixture or substance containing a detectable amount of heroin; (2) the defendant knew of the conspiracy; and (3) the defendant intentionally joined the conspiracy. United States v. Romero, 150 F.3d 824 (8th Cir. 1998). In the present case, the Court concludes that all three elements are satisfied by a preponderance of the evidence. The evidence demonstrates it is more likely than not that Antjuan Dante Britton participated in a conspiracy to possess with intent to distribute or distribute a mixture or substance containing a detectable amount of methamphetamine or heroin with Mollie Mashburn, Jessica Kirchoffner, and Alicia Longtin. The Court further finds that the co-conspirator statements sought to be introduced into evidence at trial were made during the course of and in furtherance of the conspiracy. Accordingly, any out-of-court co-conspirator statements offered for the truth of the matter asserted in the statements, whether objected to or not, were properly admitted under Rule 801(d)(2)(E).

**IT IS SO ORDERED**.

3

Dated this 9th day of May, 2022.

                                                */s/ Peter D. Welte*
                                                Peter D. Welte, Chief Judge
                                                United States District Court