# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTIONS FOR** |
| | ) | **JUDGMENT OF ACQUITTAL AND** |
| vs. | ) | **NEW TRIAL** |
| | ) | |
| Antjuan Dante Britton, | ) | Case No. 3:20-cr-00147 |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Antjuan Dante Britton's motion for judgment of acquittal and a new trial filed on May 18, 2022. Doc. No. 127. The Government responded in opposition to the motions on May 24, 2022. Doc. No. 129. For the reasons below, the motion is denied.

## I.  BACKGROUND

A superseding indictment charged Britton with (1) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1); and (2) conspiracy to possess with intent to distribute or distribute controlled substances in violation of 21 U.S.C. § 846. Doc. No. 74. The Government alleged, among other things, that, Britton was part of a conspiracy to distribute methamphetamine and heroin within the states of North Dakota and Minnesota and that on February 26, 2020, Britton possessed methamphetamine in Fargo, North Dakota.

Trial commenced on May 3, 2022. Doc. No. 122. When the Government's case-in-chief concluded, Britton moved for judgment of acquittal based on a purported insufficiency of evidence. Id. The Court denied the motion. Id. On May 9, 2022, the jury returned guilty verdicts on both counts. Doc. No. 121. Britton now renews his motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. Britton also moves for a new trial.

## II.     DISCUSSION

Upon a defendant's motion, a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A post-verdict judgment of acquittal is warranted only if, "viewing the evidence in the light most favorable to the Government and accepting all reasonable inferences that may be drawn in favor of the verdict, no reasonable jury could have found the defendant guilty." United States v. Jenkins, 758 F.3d 1046, 1049 (8th Cir. 2014) (cleaned up). "This standard is 'very strict' and a jury's verdict should not be overturned lightly." United States v. Boesen, 491 F.3d 852, 855 (8th Cir. 2007) (quoting United States v. Ellefson, 419 F.3d 859, 862 (8th Cir. 2005)). A reviewing court "must neither assess the witnesses' credibility nor weigh the evidence." United States v. Johnson, 474 F.3d 1044, 1048 (8th Cir. 2007) (citing United States v. Thompson, 285 F.3d 731, 733 (8th Cir. 2002)).

Britton asserts that the Government "simply asked the jury to believe all the testimony at trial, despite contradicting statements from the witnesses." Doc. No. 128, p. 2. Britton further argues that the testimony showed only purchases (rather than purchases to be resold), which he contends do not constitute a conspiracy. Id.

Judgment of acquittal is improper here. To the extent Britton's motion asserts that the jury should have believed some testimony over other, it is unpersuasive. Determinations of witness credibility rest firmly with the jury. United States v. Spight, 817 F.3d 1099, 1102 (8th Cir. 2016). Viewed in the light most favorable to the verdicts, Jessica Kirchoffner and Alicia Longtin both testified that Britton provided them with methamphetamine and heroin for further distribution. The jury received, among other things, a screenshot of a Facebook message from Longtin letting others know she had drugs for sale. The jury also heard testimony that the February 26, 2020 drug deal between Britton and Kirchoffner was for one pound of methamphetamine and that, according to

law enforcement, this is a dealer quantity of meth and not personal use quantity. All of this evidence, and more, supports Britton supplied at least some of the witnesses with methamphetamine or heroin for further distribution. Considered as a whole, the evidence sufficed to sustain convictions for both charges. Thus, Britton is not entitled to judgment of acquittal.

A new trial is not warranted either. A district court may "grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Motions for new trial based on the sufficiency of the evidence are generally disfavored . . . and unless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." United States v. Aguilera, 625 F.3d 482, 487 (8th Cir. 2010) (cleaned up). The jury had an adequate opportunity to assess the evidence and reached a reasonable result. Having independently reviewed the evidence, the Court rejects the notion that a miscarriage of justice will ensue absent a new trial.

### III.     CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Britton's motion for judgment of acquittal and new trial (Doc. No. 127) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 1st day of June, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court